## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER LUSSIER,**<br>On behalf of herself and others<br>Similarly situated<br><br>         Plaintiffs,<br><br>    v.<br><br>**RATCHFORD LAW GROUP, P.C.,**<br><br>and<br><br>**JEFFERSON CAPITAL SYSTEMS, LLC**<br><br>         Defendants. | Civil Action No. |

# COMPLAINT-CLASS ACTION

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Jennifer Lussier (hereinafter "Plaintiff") against Defendants Ratchford Law Group, P.C. and Jefferson Capital Systems, LLC (hereinafter "Defendants") based on violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

2. This lawsuit stems from Defendants' unfair, misleading, and deceptive garnishment practices and its repeated efforts to circumvent the Pennsylvania Rules of Civil Procedure by entering unauthorized judgments in garnishments actions.

## JURISDICTION AND VENUE

3. Jurisdiction arises and is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

4. *In personam* jurisdiction exists and venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the transactions and occurrences underlying this action took place in the Eastern District.

**DEFINITIONS**

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5. Plaintiff is a consumer residing at 123 Applewood Lane, Lansdale, PA 19446.

6. Defendant Ratchford Law Group, P.C. ("RLG") is a professional business corporation with a principal place of business at 54 Glenmaura National Boulevard, Suite 104, Moosic, PA 18507.

7. Defendant Jefferson Capital Systems, LLC ("Jefferson") is a professional business corporation with a principal place of business at 16 McLeland Road, St. Cloud, MN 56303.

8. Defendants Ratchford Law Group, P.C. and Jefferson Capital Systems, LLC regularly use the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and collects or attempts to collect debts owed or asserted to be owed to another; therefore, Defendants are "debt collectors" as set forth in section 1692a of the FDCPA, 15 U.S.C. § 1692a.

9. Additionally, Defendant Jefferson attempted to collect consumer debts using a name other than its own which would indicate that a third person is collecting or attempting to collect such debts. More specifically, Jefferson attempted, directly and/or indirectly, to collect debts under the name "RJM Acquisitions, LLC" in such a manner as to convince others that RJM Acquisitions, LLC was attempting to collect the debt, when, in fact, it was Jefferson which was actually in the process of collection and/or attempting to collect the debt; therefore, Jefferson also falls within the definition of "debt collector" as set forth in section 1692a of the FDCPA, 15 U.S.C. § 1692a.

**STATEMENT OF FACTS**

10. On February 9, 2009, RJM Acquisitions, LLC brought suit against Plaintiff in the Montgomery County Court of Common Pleas docketed at case number 2009-03439 (hereinafter the "RJM Lawsuit").

11. RJM Acquisitions, LLC's attorney of record in the RJM Lawsuit was David J. Apothaker, Esq. (hereinafter "Apothaker").

12. The RJM Lawsuit claimed that RJM Acquisitions, LLC was a debt buyer and had purchased allegedly defaulted credit card debt owed by Plaintiff.

13. RJM Acquisitions, LLC obtained a default judgment in the RJM Lawsuit on July 21, 2009, in the amount of $4,592.10.

14. On or about January 5, 2022, Plaintiff contacted RJM Acquisitions, LLC's counsel of record, Apothaker, and attempted to resolve the outstanding judgment.

15. Plaintiff was told by the office of attorney Apothaker that they had not represented RJM Acquisitions, LLC since 2011.

16. Plaintiff made additional attempts to contact RJM Acquisitions, LLC, but learned that in 2017, RJM Acquisitions, LLC filed a voluntary dissolution in the state where it was incorporated and the company was no longer in existence.

17. On January 10, 2022, Plaintiff filed a petition to open and/or strike the default judgment in the Montgomery County Court of Common Pleas.

18. On January 11, 2022, the Montgomery County Court of Common Pleas issued a rule to show cause why Plaintiff's petition should not be granted.

19. There was no response to the rule to show cause; however, for reasons unknown to Plaintiff, the Montgomery County Court of Common Pleas took no action on her petition.

20. On December 6, 2022, attorney Michael F. Ratchford, Esq. of RLG filed and served an entry of appearance. The appearance stated that Ratchford was entering his appearance on behalf of RJM Acquisitions, LLC.

21. RLG's statements were false and misleading as neither Ratchford nor RLG had been retained by RJM Acquisitions, LLC which had been formally dissolved roughly five (5) years prior and neither was ever counsel for RJM Acquisitions, LLC.

22. That same day, Ratchford for RLG filed a praecipe for writ of execution claiming to be filed on behalf of RJM Acquisitions, LLC. The writ named PNC Bank as a garnishee and sought to levy Lussier's bank accounts.

23. In the praecipe for writ of execution, Ratchford for RLG represented that he was counsel for RJM Acquisitions, LLC. See **Exhibit A.**

24.     The praecipe for writ of execution was false and misleading, as Ratchford and RLG were never counsel for RJM Acquisitions, LLC and were never authorized to file the writ on its behalf.

25.     On December 8, 2022, RLG served the writ of execution on garnishee, PNC Bank, N.A. with the intention of attaching Plaintiff's funds held by PNC Bank.

26.     At all relevant times, RLG represented to PNC Bank, N.A. that it was counsel for RJM Acquisitions, LLC.

27.     RLG did not disclose to PNC Bank that they were not hired by RJM Acquisitions, LLC and was not authorized by RJM Acquisitions, LLC to file pleadings on their behalf.

28.     On December 13, 2022, garnishee PNC Bank, N.A. served answers to interrogatories in the garnishment proceedings.

29.     On December 16, 2022, Plainitff filed and served an emergency motion to set aside the writ of execution with the Court of Common Pleas.

30.     On December 22, 2022, only 14 days after service of the writ on PNC Bank, RLG entered judgment against PNC Bank, N.A. as garnishee, pursuant to Rule 3146(b). RLG then sought payment of the judgment from PNC Bank, N.A.

31.     Assuming, *arguendo*, that RLG had been authorized by the judgment holder to file the writ, the judgment entered by RLG was premature, void and prohibited under the Pennsylvania Rules of Civil Procedure.

32.     Rule 3123.1(c) of the Pennsylvania Rules of Civil Procedure provides, as follows:

(c) ***Judgment may not be entered against the garnishee pursuant to Rule 3146(b) until the expiration of twenty days from the date of service of the writ of execution*** upon the garnishee. If a claim for exemption is pending, judgment pursuant to Rule 3146(b) may be entered only by agreement of the parties or by leave of court.

Pa. R.C.P. No. 3123.1(c). (Emphasis supplied).

33.     The twenty (20) day period of Rule 3123.1(c) provides judgment debtors with the opportunity to file responses/claims related to the garnishment proceedings with the Court and for the Court to determine said responses/claims prior to the entry of judgment. In short, the twenty (20) day period exists to provide due process before a judgment debtor loses his or her property in garnishment proceedings.

34. Based on the premature entry of judgment, and in reliance upon RLG's false and misleading representations, PNC Bank paid RLG from Plaintiff's funds held in her bank account.

35. Subsequently, the Court of Common Pleas entered an order granting Plaintiff's Emergency Motion to Set Aside the Writ of Execution, which was based on the fact that RLG could not represent a judgment holder that did not exist. Despite this, RLG retained Plaintiff's funds paid by PNC Bank and did not return them to Plaintiff.

36. On December 30, 2022, RLG filed a response to petition to open judgment filed by Plaintiff almost a year prior. In the response, RLG claimed that "in 2011, RJM Acquisitions, LLC…sold, transferred, assigned, set-over and conveyed to Jefferson Capital Systems, LLC…all of the …right title and interest in and to…[Lussier's account]." See **Exhibit B**, ¶ 4.

37. According to RLG, all of its unfair, misleading and deceptive debt-collection tactics were at the direction from Defendant Jefferson Capital Systems, LLC.

38. RJM Acquisitions, LLC never filed a praecipe in the Court of Common Pleas to mark the judgment to the use of Jefferson Capital Systems, LLC and Jefferson Capital Systems, LLC never otherwise disclosed to Plaintiff, PNC Bank, or the Court that it was prosecuting the garnishment proceedings in the name of the then-defunct judgment holder, RJM Acquisitions, LLC.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to send written collections communication and serve and/or file legal debt-collection documents, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   a. using false, deceptive, or misleading representations or means in connection with the collection of any debt;

   b. using use unfair or unconscionable means to collect or attempt to collect any debt.

40. Additionally, it is Defendants' policy and practice to enter premature, void judgments in garnishment actions within the Commonwealth of Pennsylvania, in violation of Rule 3123.1(c), depriving consumers of notice and the opportunity to respond to the garnishment proceedings and be heard by the Court.

41. Defendants have engaged in the policies and practices complained of, noted above, throughout the Commonwealth of Pennsylvania in at least fifty (50) instances within one year of the filing of this Complaint.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were subjected to the unfair, deceptive and misleading debt-collection tactics employed by Defendants, in violation of the FDCPA, as described in this Complaint.

43. This Action is properly maintained as a class action. The Classes are initially defined as:

   a. **FDCPA Class 1:** All Pennsylvania consumers against whom RLG sent written communications and/or filed and served legal documents falsely purporting to represent a third-party judgment holder(s) which did not actually retain or hire RLG;

   b. **FDCPA Class 2:** All Pennsylvania consumers against whom RLG and/or JEFFERSON CAPITAL SYSTEMS, LLC commenced garnishment proceedings and improperly entered judgment in the garnishment proceedings prior to the expiration of the twenty (20) day period set forth in Pa. R.C.P. No. 3123.1(c)

44. The class definitions may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

45. The FDCPA Classes satisfy all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who subjected to the debt-collection tactics described in this complaint that violate specific provisions of the FDCPA. Plaintiff is complaining about standard collection practices involving at least fifty (50) persons.

      b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

          i. Whether the Defendants violated various provisions of the FDCPA;

          ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

          iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

          iv. Whether Plaintiff and the Class are entitled to declaratory relief.

      c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

      Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

46. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

47. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

48. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

### **COUNT I**
*(Class Claim v. Defendant RLG)*
**VIOLATIONS OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.**

49. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

50. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a.

51. The debt that is the subject of the underlying collection action was an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes…." See 15 U.S.C. § 1692a(5).

52. Defendant RLG violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(14), 1692f and 1692f(1) by, *inter alia*,

    a. Falsely representing that RLG was retained by and authorized to represent various judgment holders in garnishment proceedings;

    b. Serving and filing documents which falsely represented that they were filed by or on behalf of the judgment holders;

    c. Robbing consumers of due process by filing premature, void judgments in garnishment proceedings prior to the expiration of the twenty (20) day period required by Pa. R.C.P. No. 3123.1(c);

    d.  Falsely holding out invalid, improper judgments as authorized under the Rules of Civil Procedure in order to secure improper payments from garnishees, in violation of consumers' due process rights and the rules of civil procedure;

    e.  Falsely collecting or attempting to collect debts under the name of third-party judgment holders other than the true name of the debt collector's business, company, or organization.

53. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

### COUNT II
*(Class Claim v. All Defendants)*
**VIOLATIONS OF
THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.**

56. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a.

58. As a "debt collector", Defendant Jefferson Capital Systems, LLC is vicariously liable for all of the actions taken by Defendant Ratchford Law Group, P.C. on its behalf. See e.g. Pollice v. National Tax Funding, LP, 225 F. 3d 379, 404-405 (3d. Cir. 2000).

59. The debt that is the subject of the underlying collection action was an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes…." See 15 U.S.C. § 1692a(5).

60. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(14), 1692f and 1692f(1) by, *inter alia*,

   a. Falsely representing that Ratchford was retained by and authorized to represent the judgment holder in garnishment proceedings;

   b. Serving and filing documents which falsely represented that they were filed by or on behalf of the judgment holder;

   c. Robbing consumers of due process by filing premature, void judgments in garnishment proceedings prior to the expiration of the twenty (20) day period required by Pa. R.C.P. No. 3123.1(c);

   d. Falsely holding out invalid, improper judgments as authorized under the Rules of Civil Procedure in order to secure improper payments from garnishees, in violation of consumers' due process rights and the rules of civil procedure;

   e. Falsely collecting or attempting to collect debts under the name of third-party judgment holders other than the true name of the debt collector's business, company, or organization.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions, and violations of the FDCPA described herein.

**COUNT III**
*(Individual Claim v. All Defendants)*
**VIOLATIONS OF FAIR CREDIT EXTENSION UNIFORMITY ACT & PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 15 U.S.C. § 1692 et seq.**

64. Plaintiff is a "consumer" as that term is defined by 73 P.S. § 2270.3.

65. Defendants are "debt collectors" as that term is defined by 73 P.S. § 2270.3.

66. Alternatively, Defendant Jefferson Capital Systems, LLC is a "creditor" as defined by 73 P.S. § 2270.3.

67. The alleged debt arose "result of a loan of money or extension of credit which is obtained primarily for personal, family or household purposes…." See 73 P.S. § 2270.3.

68. Defendants, acting as debt collectors, engaged in acts (set out in paragraphs 1 through 54 above) which violate the Fair Debt Collection Practices Act. These actions constitute unfair or deceptive debt collection acts and practices pursuant to 73 P.S. § 2270.4.

69. Alternatively, to the extent that Defendant Jefferson Capital Systems is a "creditor" as defined by 73 P.S. § 2270.3, Defendant violated 73 P.S. §§ 2270.4(b), 2270.4(b)(5), 2270.4(b)(5)(ii), 2270.4(b)(5)(v), 2270.4(b)(5)(x), 2270.4(b)(6), and 2270.4(b)(6)(i).

70. Plaintiff suffered an ascertainable loss of money as a result of the use or employment of the unfair or deceptive debt collection acts and practices described above. More specifically, Plaintiff, through her fiduciary PNC Bank, relied on the material misrepresentations that a valid judgment in the garnishment proceedings had been entered and paid monies to Defendants from Plaintiff's funds as a result in order to satisfy the alleged judgment.

71. Defendants' unfair and deceptive debt-collection acts and/or practices are deemed violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law by operation of 73 P.S. § 2270.5(a).

72. Plaintiff is entitled to actual damages, treble damages, and attorney's fees and costs under the UTPCPL. 73 P.S. § 201-9.2(a).

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff treble damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 15, 2023　　　　　　　　　　Respectfully submitted:

/s/ Sean P. Mays
Sean P. Mays, Esq. (I.D. No. 307518)
**THE MAYS LAW FIRM PC**
Warminster Corporate Center
65 W. Street Road, Suite B102
Warminster, PA 18974
(215) 792-432 telephone and fax
sean@maysfirm.com

/s/ Robert P. Cocco
Robert P. Cocco, Esq. (I.D. No. 61907)
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900

Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 827-5403 facsimile
bob.cocco@phillyconsumerlaw.com

13